UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUSCO PRODUCTS, INC.,

                Plaintiff,

      v.

AXLE, INC., IMAGINATIVE MFG., INC,
and SCOTT AUSTIN,

                Defendants.

**DECISION AND ORDER**

6:19-CV-06798 EAW

---

## INTRODUCTION

Plaintiff Ausco Products, Inc. ("Plaintiff") alleges that defendants Axle, Inc. ("Axle"), Imaginative Mfg., Inc. ("Imaginative"), and Scott Austin ("Austin") (collectively "Defendants") have infringed certain claims of United States Patent Nos. 9,249,846 (the "'846 Patent"), and 9,835,211 (the "'211 Patent."). (Dkt. 1). Currently pending before the Court are Defendants' motion to dismiss the Complaint (Dkt. 15) and Plaintiff's cross-motion for leave to amend in the event the Court finds the Complaint inadequately pleaded (Dkt. 17). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion to dismiss and denies Plaintiff's cross-motion for leave to amend.

## FACTUAL BACKGROUND

The following facts are taken from the Complaint. As required at this stage of the proceedings, the Court treats these facts as true.

- 1 -

Plaintiff is a manufacturer of brake assemblies and the owner of all rights, title, and interest in and to the '846 and '211 Patents. (Dkt. 1 at ¶¶ 6-7). The '846 Patent issued on February 2, 2016, and is entitled "Brake Assembly." (*Id.* at ¶ 12). Independent claims 1 and 10 of the '846 Patent "are generally directed to a brake assembly adapted to be mounted to the flange of an axle housing." (*Id.* at ¶ 13). The '211 Patent issued on December 5, 2017, and is also entitled "Brake Assembly." (*Id.* at ¶ 40). Independent claims 1, 7, 8, 11, and 16 of the '211 Patent "are generally directed to a brake assembly adapted to be mounted to the flange of an axle housing." (*Id.* at ¶ 41).

Austin is the Chief Executive Officer of Axle and Imaginative. (*Id.* at ¶ 11). Plaintiff alleges on information and belief that both Axle and Imaginative are "a manufacturer or importer and seller of brake assemblies," including a product known as the "Wet Brake." (*Id.* at ¶¶ 8-9).

According to Plaintiff, the Wet Brake, "when mounted to an axle housing flange," infringes claim 1 of the '846 Patent, and, when used "in combination with a wheel hub assembly on which it is used," infringes claim 10 of the '846 Patent. (*Id.* at ¶¶ 15-31). Plaintiff further alleges that "Defendants make, offer for sale and sell the Wet Brake products expressly for installation on axle housing flanges and/or in combination with wheel hub assemblies," and that "[e]ach of the additional features and limitations of at least dependent claim numbers 2-9 and 11-17 [of the '846 Patent] are also found in the Wet Brake product, when in use as intended." (*Id.* at ¶¶ 32-33).

As to the '211 Patent, Plaintiff alleges that the Wet Brake "infringes at least independent claim numbers 1, 7, 8, 11 and 16" and that "[e]ach of the additional features and limitations of at least dependent claim numbers 2, 3, 4, 5, 6, 9, 10, 12, 13, 14 and 15 of the '211 patent are also found in the Wet Brake product."  (*Id.* at ¶¶ 68-89).

## FACTUAL BACKGROUND

Plaintiff commenced the instant action on October 29, 2019.  (Dkt. 1).  Defendants filed the instant motion to dismiss on February 14, 2020.  (Dkt. 15).  On March 5, 2020, Plaintiff filed its response to Defendants' motion to dismiss, along with a cross-motion for leave to amend.  (Dkt. 17).  Defendants filed their reply in further support of their motion to dismiss and their response to Plaintiff's motion for leave to amend on March 13, 2020.  (Dkt. 18).  Plaintiff filed its response in further support of its motion for leave to amend on March 19, 2020.  (Dkt. 19).

## DISCUSSION

### I.   Motion to Dismiss

#### A.   Legal Standard

Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  A court should consider the motion by "accepting all factual allegations as true and drawing all

reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2279 (2017). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

### B. **Defendants' Motion to Dismiss is Granted in Part**

Defendants argue as follows in support of their motion to dismiss the Complaint: (1) the Complaint engages in impermissible group pleading; (2) the Complaint fails to state a claim as to either Austin or Axle; and (3) the Complaint fails to adequately allege a claim

for either induced or contributory infringement of the '846 Patent. (Dkt. 15-1). The Court considers each of these arguments below.

### 1.     Group Pleading

"It is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes." *Canon U.S.A., Inc. v. F&E Trading LLC*, No. 2:15-CV-6015 DRH AYS, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (internal quotation marks omitted).[1] Specifically, "[Federal Rule of Civil Procedure] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Id.* (quoting *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012)); *see also Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 235 (S.D.N.Y. 2014) ("[W]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish between the conduct of each of the defendants." (internal quotation marks omitted)). However, "[n]othing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted against each defendant." *Hudak v. Berkley Grp., Inc.*, No. 3:13-CV-00089-WWE, 2014 WL 354676, at *4 (D. Conn. Jan. 23, 2014).

The Court finds that Plaintiff has not engaged in impermissible group pleading in this case. While Plaintiff has referred collectively to "Defendants" in describing the allegedly infringing conduct (*see, e.g.,* Dkt. 1 at ¶¶ 33-38, 70-72), it has explained

---

[1]     "When deciding issues in a patent case, a district court applies the law of the circuit in which it sits to non-patent issues, and the law of the Federal Circuit to issues of substantive patent law." *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, __ F.3d __, No. 14-CV-6544 KAM GRB, 2020 WL 5665065, at *13 (E.D.N.Y. Sept. 23, 2020).

elsewhere in the Complaint what role each Defendant played in the alleged infringement. In particular, the Complaint alleges that Axle and Imaginative both manufacture, import, and/or sell the Wet Brake, and that Austin is the CEO of both Axle and Imaginative. (*Id.* at ¶¶ 8-9, 11). Whether these allegations are sufficient to state a claim as to any particular Defendant is a separate issue from whether Defendants are on notice of the substance of the claims against them. Considered as a whole, the Court finds that the Complaint has not engaged in the sort of impermissible group pleading that warrants dismissal. *See Canon*, 2017 WL 4357339, at * 8 (rejecting group pleading argument in trademark infringement action where even though the operative complaint contained collective allegations against the defendants, the defendants were alleged to be "similarly situated companies" with "a common principal").

### 2. Claims Against Austin and Axle

The Court turns next to Defendants' argument that the Complaint fails to allege a cognizable claim against either Austin or Axle. As to Austin, the Federal Circuit has explained that "[p]atent infringement is a tort" and that "[t]o determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil." *Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (citations omitted).

The Court agrees with Defendants that the Complaint does not state a viable direct patent infringement claim as to Austin. The sole factual allegation tying Austin

individually to the alleged infringement is that he is the "Chief Executive Officer of Axle and Imaginative." (Dkt. 1 at ¶ 11). It is the corporate defendants, Axle and Imaginative, that are alleged to have actually manufactured, imported, and/or sold the Wet Brake. (*Id*. at ¶¶ 8-9). The Complaint contains no facts that would support piercing the corporate veil, and the patent infringement claims asserted against Austin are thus not plausibly pleaded. *See Speedfit LLC v. Chapco Inc.,* No. 2:15-CV-1323 PKC RLM, 2020 WL 758824, at *1 (E.D.N.Y. Feb. 14, 2020) (dismissing patent infringement claims against individual defendants because "Plaintiffs have failed to point to any facts that would justify piercing the corporate veil so as to support a finding of personal liability against the Individual Defendants for the alleged patent infringement by [the corporate defendant]").

The Complaint further does not alleged facts that would support a claim of indirect patent infringement by Austin. "Corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil." *Wordtech*, 609 F.3d at 1316. Again, in this case, the only factual allegation in the Complaint setting forth Austin's role in the claimed patent infringement is the allegation that he is Axle's and Imaginative's Chief Executive Officer. That fact, standing alone, does not show that Austin played the kind of personal role in the patent infringement alleged in this case that could support individual liability.

However, the Court disagrees that the Complaint lacks sufficient non-conclusory allegations to support a patent infringement claim against Axle. It is true that the factual

basis for Plaintiff's claims of patent infringement is an image of the Wet Brake found on Imaginative's website. (*See* Dkt. 1 at ¶ 10; Dkt. 1-3). However, Plaintiff has alleged that Axle is one of the owners/operators of Imaginative's website (Dkt. 1 at ¶ 10), and that assertion is supported by the printout of the website appended to the Complaint as Exhibit 3 (Dkt. 1-3). In particular, the website prominently displays Axle's name and contact information. (Dkt. 1-3 at 1). At this stage of the proceedings, and drawing all inferences in Plaintiff's favor, the Court finds it plausible that Axle was responsible for the offer to sell the Wet Brake found on Imaginative's website.

### 3. Claims for Induced or Contributory Infringement of the '846 Patent

Defendants' final argument is that Plaintiff has failed to allege a claim of either induced or contributory infringement as to the '846 Patent. For the reasons set forth below, the Court finds that Plaintiff has adequately alleged induced infringement, but that its allegations of contributory infringement are not plausible.

"Although not directly infringing, a party may still be liable for inducement or contributory infringement . . . if it sells infringing devices to customers who use them in a way that directly infringes[.]" *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004). Here, the Complaint implicitly acknowledges that the Wet Brake does not infringe the '846 Patent unless it is either "mounted to an axle housing flange" or used "in combination with a wheel hub assembly." (Dkt. 1 at ¶¶ 15-31). Accordingly, the Court considers whether Plaintiff has adequately alleged either inducement or contributory infringement.

As a threshold matter, "[t[here can be no inducement or contributory infringement without an underlying act of direct infringement." *Linear Tech.*, 379 F.3d at 1326. "Because liability for indirect infringement of a patent requires direct infringement, . . . [Plaintiff] must plausibly allege that the ['846] patent was directly infringed to survive [Defendants'] motion to dismiss." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012). However, "a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *Id.* at 1336.

Here, Defendants argue that Plaintiff has not plausibly alleged any acts of direct infringement. The Court disagrees. Plaintiff alleges that Axle and Imaginative have sold the Wet Brake "expressly for installation on axle housing flanges and/or in combination with wheel hub assemblies." (Dkt. 1 at ¶ 34). Other federal courts have found similar allegations sufficient to support an inference of direct infringement. *See, e.g., Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 AJN, 2014 WL 3955172, at *2 (S.D.N.Y. Aug. 12, 2014) (complaint could "reasonably be read to allege that [the defendant's] customers engaged in infringing activity" based on allegation that the defendant sold purportedly infringing espresso machines to end users).

*Parallel Networks Licensing, LLC v. Microsoft Corp*oration, 777 F. App'x 489 (Fed. Cir. 2019), on which Defendants rely, is inapposite. *Parallel Networks* was decided at the summary judgment stage, and the evidence in that case showed only that certain of the defendant's customers had "configured the accused Windows Server product in a way that

[made] it *capable* of infringing the asserted claims." *Id.* at 493 (emphasis at original). In this case, at the pleadings stage, the Court must draw the inference that Axle's and Imaginative's customers in fact configured their Wet Brake products to be connected to a wheel hub assembly and installed on axle housing flanges.

Defendants also argue that Plaintiff has not plausibly stated a claim for inducement, because it has not plausibly alleged specific intent to induce infringement. "To state a claim for induced infringement, a plaintiff must plausibly allege that the defendant: (1) had knowledge of the patent-in-suit; (2) knew the induced acts were infringing; and (3) specifically intended to encourage another's infringement." *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 167 (E.D.N.Y. 2018) (citation omitted). As to the third factor of specific intent, "direct evidence is not required; rather, circumstantial evidence may suffice." *Id.* at 168 (citation omitted). Such circumstantial evidence may consist of actions such as "advertising an infringing use or instructing how to engage in an infringing use[.]" *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1379 (Fed. Cir. 2005).

Again, on a motion to dismiss under Rule 12(b)(6), the Court must accept as true Plaintiff's allegation that Axle and Imaginative sold the Wet Brake to their customers "expressly for installation on axle housing flanges and/or in combination with wheel hub assemblies." (Dkt. 1 at ¶ 34). Thus, this case is not like *Addiction & Detoxification Institute L.L.C. v. Carpenter*, 620 F. App'x 934 (Fed. Cir. 2015), where the sole allegation was the conclusory statement that the defendants had "induced infringement of and/or

contributorily infringed the Patent." *Id.* at 938 (citation omitted).  As such, the plaintiff in that case had "[s]imply repeated [a] legal conclusion[.]"  *Id.*  Here, by contrast, Plaintiff has made the factual allegation that Axle's and Imaginative's sales of the Wet Brake were made with the express purpose that the product be installed in an infringing manner. Whether that factual allegation will ultimately prove true is not the issue before the Court; it is enough at this stage of the proceedings that it has been made.

However, the Court agrees with Defendants that Plaintiff has not plausibly alleged contributory infringement.   As another court in this Circuit has explained;

> To establish contributory infringement, plaintiff must allege sufficient facts to show that a party sold or offered to sell, "a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use."

*Uni-Sys.*, 350 F. Supp. 3d at 168 (quoting 35 U.S.C. § 271(c)).  In this case, the Complaint's sole allegation in this regard is that "Defendants are contributory infringers of the '846 patent under 35 U.S.C. § 271(c) by offering for sale and selling the Wet Brake products which are a material part of the invention claimed in the '846 patent and not as a staple article of commerce suitable for substantial non-infringing use."  (Dkt. 1 at ¶ 35).  This is nothing more than a recitation of the statutory language, unsupported by any factual allegations specific to this matter.  *See 3D Sys., Inc. v. Formlabs, Inc.*, No. 13 CIV. 7973, 2014 WL 1904365, at *6 (S.D.N.Y. May 12, 2014) (allegation that allegedly infringing printer "was especially made or especially adapted for an infringing use and that it has no

substantial noninfringing uses" is "a mere formulaic recitation of the elements of cause of action that cannot survive a motion to dismiss" (citations and quotations omitted)). Accordingly, the Court will grant Defendants' motion to dismiss as to Plaintiff's claim of contributory infringement of the '846 Patent.

## II.   Motion for Leave to Amend

In addition to opposing Defendants' motion to dismiss, Plaintiff has filed a cross-motion for leave to file an amended complaint. (Dkt. 17). However, as Defendants note in response, Plaintiff has failed entirely to comply with this District's Local Rules of Civil Procedure in seeking such relief.

Local Rule of Civil Procedure 15 sets forth the requirements for a motion for leave to amend filed in this District. As relevant here, "[a] movant seeking to amend or supplement a pleading must attach an unsigned copy of the proposed amended pleading as an exhibit to the motion. The proposed amended pleading must be a complete pleading superseding the original pleading in all respects. No portion of the prior pleading shall be incorporated into the proposed amended pleading by reference." L. R. Civ. P. 15(a). Further, where (as here) a party is represented by counsel, "the amendment(s) or supplement(s) to the original pleading shall be identified in the proposed pleading through the use of a word processing 'redline' function or other similar markings that are visible in both electronic and paper format." L. R. Civ. P. 15(b).[2]

---

[2]   In addition to failing to comply with Local Rule 15, Plaintiff failed to comply with Local Rule 7, which provides that "[a] notice of motion is required for all motions" and that "[a] moving party who intends to file and serve reply papers must so state in the notice of motion." L. R. Civ. P. 7(a)(1).

In this case, Plaintiff did not submit a redline version of its proposed amended complaint. Moreover, and more importantly, it did not attach to its proposed amended complaint the exhibits referenced therein. Instead, as clarified in Plaintiff's reply in further support of its cross-motion, it apparently incorporated by reference the exhibits attached to the Complaint and the exhibits filed in opposition to Defendants' motion to dismiss. (*See* Dkt. 19 at 7 (arguing that "[i]f the Court grants leave to amend, the fully identified exhibits can and will be filed along with the Proposed Amended Complaint")).

"District courts have broad discretion to enforce local rules and regularly deny motions for failing to comply." *Airday v. City of New York*, No. 14-CV-8065 (VEC), 2020 WL 4015770, at *2 (S.D.N.Y. July 16, 2020). Here, Plaintiff's failure to comply with Local Rule 15 was not, as it contends, harmless. To the contrary, Plaintiff's failure to append the exhibits to its proposed amended complaint deprived Defendants of the opportunity to meaningfully oppose Plaintiff's cross-motion, because they were left to guess as to what such exhibits would be.[3] Accordingly, the Court finds it appropriate to enforce Local Rule 15 in this case. Plaintiff's motion for leave to amend is denied without prejudice. Any future motions filed by Plaintiff, for leave to amend or otherwise, shall comport in all respects with this District's Local Rules.

---

[3] Plaintiff's contention that "[i]n opposing [Plaintiff's] motion to amend, Defendants . . . choose to ignore the exhibits to the Proposed Amended Complaint" (Dkt. 19 at 1), in addition to being entirely misplaced given Plaintiff's procedural failure, illustrates that the exhibits are key to Plaintiff's argument.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (Dkt. 15) is granted as to Plaintiff's claims against Austin and as to Plaintiff's claim for contributory infringement of the '846 Patent, and is denied in all other respects. The Clerk of Court is direct to terminate Austin as a defendant in this matter.

The aforementioned claims are dismissed without prejudice, *see Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990), and Plaintiff's cross-motion for leave to amend (Dkt. 17) is similarly denied without prejudice. Plaintiff may file a motion for leave to amend within twenty days of the date of this Decision and Order, consistent with its obligations under Federal Rule of Civil Procedure 11. In the event Plaintiff files such a motion, the Court will set a briefing schedule and any obligation on the part of Defendants to answer the Complaint will be stayed. However, in the event that no motion for leave to amend is filed, Defendants shall answer the Complaint within thirty-five days of the date of this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:      November 30, 2020
            Rochester, New York